**FILED**
**Nov 21, 2022**
**02:47 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **REAZKALLAH ABDELSHAHAED,** | ) | **Docket No. 2021-05-0272** |
| **Employee,** | ) | |
| **v.** | ) | |
| **TAYLOR FRESH FOODS, INC.,** | ) | **State File Nos. 800172-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **ZURICH AMERICAN INS. CO.** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

The Court held an Expedited Hearing on November 15, 2022, on whether Mr. Abdelshahaed is likely to prove at trial that he suffered a compensable injury and is entitled to medical and temporary disability benefits. For the reasons below, the Court cannot find he is likely to prove this but holds Mr. Abdelshahaed is entitled to a panel of physicians.

### History of Claim

Mr. Abdelshahaed claimed he cut his left forefinger with a knife while opening boxes at Taylor Farms on November 4, 2020. He described being intentionally pushed by his supervisor, which caused the knife to slip. Although Mr. Abdelshahaed claimed his finger was bleeding profusely, he said Taylor Farms provided no medical treatment other than a band-aid. Not long after this incident, Taylor Farms terminated him.

Lisa Pomeroy, Taylor Farms's safety coordinator, testified that on November 4, Mr. Abdelshahaed was brought to her office because he was upset about an argument on the floor. She noticed a little blood on his hand, but not on the index finger he now claims was cut, and she gave him a band-aid. He did not mention a work injury, and the first time she knew of any claim was when Mr. Abdelshahaed filed his petition for benefit determination.

At the hearing, Mr. Abdelshahaed requested medical treatment and disability

1

benefits.[1]  Taylor Farms contended that Mr. Abdelshahaed is not entitled to benefits because he did not prove his injury was primarily caused by work and it was a "first-aid only" injury.[2]

## Findings of Fact and Conclusions of Law

For the Court to grant Mr. Abdelshahaed's request, he must prove he is likely to prevail at a hearing on the merits.  Tenn. Code Ann. § 50-6-239(d)(1) (2022); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prove a compensable injury, Mr. Abdelshahaed must show that his alleged injuries arose primarily out of and in the course and scope of his employment.  This includes the requirement that he must establish a work-related incident, or specific set of incidents, identifiable by time and place of occurrence.  Tenn. Code Ann. § 50-6-102(12)(A).  The parties presented two very different versions of the incident.  But they agreed on one important aspect: Mr. Abdelshahaed was bleeding at work.  Under these circumstances, Mr. Abdelshahaed appears likely to prove the existence of a "work-related incident" as required by this section.

The question then becomes whether Mr. Abdelshahaed appears likely to prove that this workplace incident was the primary cause of his alleged need for treatment.  The Court cannot find at this time that he is likely to meet this burden.  Neither party offered any medical evidence addressing the cause of Mr. Abdelshahaed's current symptoms.  Without a doctor's causation opinion, he cannot prove "to a reasonable degree of medical certainty" that his work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes," as required by Tennessee Code Annotated section 50-6-102(12)(C).

However, even without a causation opinion, an employee may still prove entitlement to a panel if he presents sufficient evidence in an expedited hearing that a work event resulted in injury.  *See Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016).  Thus, the question is whether Mr. Abdelshahaed is entitled to a panel of physicians.

---

[1] He also complained of mistreatment by his supervisors, wrongful termination for filing a claim, and substantial debt arising from his job loss.  The Court explained that it has no authority to address these allegations.  Any recourse he might have for those allegations lies outside of the Court of Workers' Compensation Claims.

[2] Taylor Farms also presented testimony about whether Mr. Abdelshahaed was wearing a safety glove at the time of the incident.  However, failure to use a safety device was not listed as a defense on the Dispute Certification Notice, so the Court will not consider this affirmative defense.

Taylor Farms contended that Mr. Abdelshahaed's injury was minimal and only required basic first aid. However, it presented no evidence to support this argument. Further, even if the injury was minor, Mr. Abdelshahaed now claims that it caused problems with his hand from which he still suffers. The Court is constrained to the record before it because "judges, like lawyers, are poorly positioned to formulate expert medical opinions." *Love v. Delta Faucet Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 45, at *15-16 (Sept. 19, 2016). Similarly, parties cannot rely solely on their own medical interpretations to support their arguments. *Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018).

Therefore, the Court holds Mr. Abdelshahaed offered sufficient evidence to show at this interlocutory stage that he is entitled to a panel of physicians. Taylor Farms shall provide a panel, from which Mr. Abdelshahaed may choose an authorized doctor for evaluation and, if appropriate, treatment of his alleged injuries under Tennessee Code Annotated section 50-6-204(a)(1)(A).

Mr. Abdelshahaed also seeks temporary disability benefits. An injured worker is eligible for temporary total disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). As noted above, Mr. Abdelshahaed failed to show he is likely to meet his burden of proving a work-related injury. Therefore, the Court cannot find at this time that he appears likely to prevail at trial on a claim for temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Taylor Farms shall offer Mr. Abdelshahaed a panel of physicians and any medical treatment made reasonably necessary by his November 4, 2020 injury.

2. Mr. Abdelshahaed's request for temporary disability benefits is denied at this time.

3. A status hearing will take place on **February 2, 2023, at 9:30 a.m. Central Time.** The parties must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of issues without your participation.

4. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding

compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED November 21, 2022.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

### APPENDIX

Exhibits:
1. Mr. Abdelshahaed's June 2, 2022 Rule 72 Declaration Under Penalty of Perjury
2. Notice of Denial and written statements of Carmen Mendoza (identification only)
3. Wage Statement

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on November 21, 2022.

| Name | Certified Mail | Email | Service Sent To |
|------|----------------|-------|-----------------|
| Reazkallah Abdelshahaed | X | X | 456 Cedar Park Circle Lavergne, TN 37086 reazkallahabdelshahaed@yahoo.com |
| Peter Rosen, Employer's Attorney | | X | prosen@vkbarlaw.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*